UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MAURICE LAMBERT**,

    Plaintiff,                 **COMPLAINT**

vs.

**RAZOR CAPITAL, LLC**, and
**TATA & KIRLIN ASSOCAITES Inc.**,

    Defendants.

___

## COMPLAINT

NOW COMES Plaintiff MAURICE LAMBERT, represented by his attorney, Sean R. O'Mara of the O'Mara Law Firm, PC states:

## INTRODUCTION

1. This is an action for damages, brought by a consumer against debt collectors for several violations of the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 *et seq*, and Michigan Regulation of Collection Practices Act ("RCPA"), M.C.L. § 445.251 *et seq*.

2. The Defendants, RaZor Capital, LLC and Tata & Kirlin Associates Inc, together in this case have: unlawfully pursued Mr. Lambert to collect an extinguished consumer debt in violation of 15 U.S.C. § 1692e(2),(5) and 15 U.S.C. U.S.C. § 1692f; continued collection despite having knowledge this debt was

extinguished; and continue collections despite Mr. Lambert's pleadings that he does not owe this debt in violation of 15 U.S.C. § 1692e(5) and 15 U.S.C. U.S.C. § 1692f.

3. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6). Defendants here are debt collectors seeking payment on debts that were in default when obtained for collection. *Schlosser v Fairbanks Capital Corp.,* 323 F.3d 535, 536 (7th Cir. 2003) Defendants here are debt collectors their business is solely debt collection.

4. The FDCPA regulates the behavior of collection agencies attempting to collect on a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) – (e).

5. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).

6. The RCPA, like the FDCPA, prohibits debt collectors form using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliot P.C.* No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del. 1991).

## **PARTIES**

7. Plaintiff, MAURICE LAMBERT, is a natural person and a consumer.

8. At all times relevant to this complaint, Plaintiff resided in the City of Eastpointe City, County of Macomb State of Michigan.

9. At all times relevant to this complaint, Defendants are debt collectors engaged in the business of using the mails, telephone, and state courts to collect consumer debts originally owed to others under the FDCPA.

10. At all relevant times to this lawsuit, Defendant RaZor Capital, LLC ("Razor Capital") is a Minnesota limited liability company, its principal place of business located in 8000 Norman Center Dr, #806, Bloomington, MN and is a debt collector / debt buyer operating in the business of collecting consumer debts.

11. Defendant Razor Capital is in the business of purchasing consumer debt portfolios and seeking to collect the associated debts from consumers.

12. Defendant Razor Capital is not licensed by the State of Michigan to collect consumer debt in Michigan.

13. At all relevant times to this lawsuit Defendant Tate & Kirlin Associates ("TATE & KIRLIN") is a Pennsylvania Corporation doing business as a debt collector with its principal place of business being 580 Middletown Blvd., Suite 240, Langhorne, PA 19047.

14. Defendant Tate &Kirlin is not licensed by the State of Michigan to collect consumer debt in Michigan.

**JURISDICTION AND VENUE**

15. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and 1337. This court has

supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

16. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

17. Defendant, Razor Capital, is a debt collector / debt buyer operating from Bloomington, MN, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a). Razor Capital transacts business throughout the State of Michigan and in the Eastern District of Michigan by sending thousands of collection letters and filing thousands of lawsuits against Michigan Consumers.

18. Razor Capital is a "regulated person" as the term is defined and used in the RCPA. Razor Capital is engaged in the business of debt collection as defined by 15 U.S.C. 1692a and is prohibited from engaging in activities that violate 15 U.S.C. 1692 and/or M.C.L. 445.251 *et seq*.

19. Defendant, Tate & Kirlin, is a Pennsylvania corporation conducting/transacting its collection business in Michigan. Tate & Kirlin uses interstate commerce and the mails in a business whose principal purpose is the collection of debt.

20. Venue is proper pursuant 28 U.S.C. 1391(b)(2).

21. Tate & Kirlin regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another. Tate & Kirlin is a "debt collector" as the term is defined and used in the FDCPA. Tate & Kirlin is a

"regulated person" as the term is defined and used in the RCPA. Defendant is engaged in the business of debt collection as defined by 15 U.S.C. 1692(a) and are prohibited from engaging in activities that violate 15 U.S.C. 1692 and/or M.C.L. 445.251 *et seq*.

22. The transactions and occurrences which give rise to this action occurred in Macomb County, Michigan.

23. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

24. Whether a debt collectors' actions are false, deceptive, or misleading under § 1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank,* 683 F.3d 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 329 (6th Cir. 2006).

25. Section 1692e provides: "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations

prohibited by that section are using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).

## FACTUAL ALLEGATIONS

26. Plaintiff's obligation is a "debt" as defined by the FDPCA and RCPA.

27. After Plaintiff defaulted on the Debt, the account was transferred, placed, moved, conveyed, sold or otherwise assigned to Defendant Razor Capital for collection.

28. On or about May 30, 2018 Plaintiff's debt was forever extinguished and Razor Capital agreed to cease all collection efforts in regards to DTE Energy account number XXXXXXXX0010.

29. Both Razor Capital and Tate & Kirlin were on notice that the debt was extinguished and that Razor Capital agreed to cease all collection activities on the account on May 30, 2018.

30. Defendant Razor Capital through its collection agents at Tate & Kirlin have continued to pursue collection efforts via telephone and using the interstate mail service against Plaintiff for DTE Energy account number XXXXXXXX0010.

31. At some time subsequent to May 30, 2018, Razor Capital placed DTE Energy account number XXXXXXXX0010 with Tate & Kirlin for collections.

32. As an agent of Razor Capital, Tate & Kirlin contacted Plaintiff via on his cell phone at number numerous times in an attempt to collect this extinguished debt.

33. As an agent of Razor Capital, Tate & Kirlin sent out collection letters seeking to collect on DTE Energy account number XXXXXXXXX0010.

34. Despite the Defendants' knowledge they had no right to collect this debt, Defendants still sought to collect on the extinguished debt.

35. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

36. Specifically, Plaintiff suffered a concrete informational injury collection harassment as a result of Defendants' failure to provide truthful information in connection with its attempt to collect an alleged debt from the Plaintiff, and Defendants continued attempt to collect the extinguished debt which Razor Capital had agreed to never attempt to collect on again.

## COUNT I:
## RAZOR CAPITAL AND TATE & KIRLIN's VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

38. 15 U.S.C. § 1692e provides that:
    a. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:….

      i. (2) The false representation of --

          1. (A) the character, amount, or legal status of any debt; or

     ii. (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action….

    iii. (5) the Threat to take any action that cannot legally be taken or that is not intended to be taken …..

    iv. (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed…

     v. (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….

39. 15 U.S.C. § 1692f provides that:

    a. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

      i. (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

40. 15 U.S.C. § 1692c provides that:

    a. (A) Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

      i. (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the

> attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer….

41. Defendants have violated the FDCPA and RCPA in their concerted attempts to collect an extinguished debt. Defendant's acts in attempting to collect a DTE Energy Account XXXXXXXXX0010 from the Plaintiff is not permitted by law, and falsely represented the character, amount, or legal status of a debt.

42. Defendants violated the FDCPA. Defendants' violations with respect to their practice of continuing to collect on an extinguished consumer debt are, but are not limited to, the following:

   a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

   b. Making false, deceptive and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

   c. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

   d. Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(4) and 15 U.S.C. § 1692f(1)

43. As a result of Defendant Razor Capital, the Razor Capital has violated:

   a. 15 U.S.C. § 1692c(a)(2)

   b. 15 U.S.C. § 1692d.

   c. 15 U.S.C. §1692e.

   d. 15 U.S.C. §1692e(2)(A).

   e. 15 U.S.C. §1692e(5).

   f. 15 U.S.C. §1692e(8).

   g. 15 U.S.C. §1692e(10).

   h. 15 U.S.C. §1692f.

   i. 15 U.S.C. §1692f(1).

44. As a result of Defendant TATE & KIRLIN's actions, TATE & KIRLIN has violated:

   a. 15 U.S.C. § 1692c(a)(2)

   b. 15 U.S.C. § 1692d.

   c. 15 U.S.C. §1692e.

   d. 15 U.S.C. §1692e(2)(A).

   e. 15 U.S.C. §1692e(5).

   f. 15 U.S.C. §1692e(8).

   g. 15 U.S.C. §1692e(10).

   h. 15 U.S.C. §1692f.

   i. 15 U.S.C. §1692f(1).

WHEREFORE, Plaintiff seeks:

a) A judgment against **RAZOR CAPITAL LLC** for Actual Damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(1); Statutory Damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and Such further relief as the court deems just and proper; and

b) A judgment against **TATE & KIRLIN** for Actual Damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(1); Statutory Damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and Such further relief as the court deems just and proper.

## COUNT II:
## RAZOR CAPITAL AND TATE & KIRLIN's VIOLATION OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT MCL § 445.252

45. Plaintiff incorporates the preceding allegations by reference.

46. Razor Capital is a "Regulated Person" as that term is defined in the Michigan Regulation of Collection Practices Act ("RCPA"), M.C.L.A. § 445.251.

47. TATE & KIRLIN is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("RCPA"), at M.C.L.A. § 445.251.

48. Plaintiff, MAURICE LAMBERT is a "Consumer" as that term is defined in M.C.L.A. § 445.251.

49. Razor Capital by and through its collection agents at TATE & KIRLIN foregoing acts in attempting to collect the alleged debt violated M.C.L.A. § 445.252(e)&(f)(i),(ii).

50. Razor Capital by and through its collection agents at TATE & KIRLIN willfully pursued collections against Plaintiff despite having knowledge that this debt was extinguished and non-collectable.

51. On numerous occasions Razor Capital by and through its collection agents at TATE & KIRLIN pursued collections on an extinguished DTE energy account, communicated to Plaintiff that the account was due and owing and misrepresented the legal status of the debt.

52. Razor Capital has a duty to monitor its collection agents to ensure their collection practices conform to State and Federal Consumer Protection Laws. MCLA 445.252(q).

53. TATE & KIRLIN has a duty to monitor its collection agents to ensure their collection practices conform to State and Federal Consumer Protection Laws. MCLA 445.252(q)

54. Both Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not limited to, the following:

   a. Defendants violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in communication to collect a debt as mentioned above;

   b. Defendants violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

      i. The legal status of a legal action being taken or threatened.

      ii. The legal rights of the creditor of debtor by filing two lawsuits involving the same debt.

   c. Defendants have violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee sending collection letters to debtors with inflated balances.

   d. Defendants have violated MCLA 445.252(a) by communicating with a debtor in a misleading or deceptive manner when they inflated the balance.

55. Mr. Lambert has suffered damages as a result of these violations of the RCPA.

56. Razor Capital violations of the RCPA were willful.

57. TATE & KIRLIN's violations of the RCPA were willful.

58.  Mr. Lambert seeks actual and statutory damages, attorney fees, costs, and equitable relief to prevent the course of conduct from continuing into the future.

WHEREFORE, the Plaintiff seeks:

a) A judgment against Razor Capital for actual and statutory damages in the amount of $50.00, trebled to $150.00 for a willful violation pursuant to M.C.L. 445.257(2); Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that Razor Capital LLC's debt collection practices violated the RCPA; reasonable attorney's fees and court costs pursuant to M.C.L. 445.257(2) with judicial sanction; and an award providing for all proper relief, including equitable relief, to prevent Razor Capital from continuing its deceptive and deceitful practices against consumers; and

b) A judgment against TATE & KIRLIN for actual and statutory damages in the amount of $50.00, trebled to $150.00 for a willful violation pursuant to M.C.L. 445.257(2); Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that TIC's debt collection practices violated the RCPA; reasonable attorney's fees and court costs pursuant to M.C.L. 445.257(2) with judicial sanction; and an award providing for all proper relief, including equitable relief, to prevent TATE &

KIRLIN from continuing its deceptive and deceitful practices against consumers.

Respectfully Submitted,
**O'Mara Law Firm PC**

/s/ *Sean R. O'Mara*
Sean R. O'Mara (P76140)
Attorney for Plaintiff

Dated: June 18, 202

Respectfully Submitted,

/s/ *Sean R. O'Mara*
Sean R. O'Mara (P76140)
O'Mara Law Firm PC
21929 E. Nine Mile Road
Saint Clair Shores, MI 48080
P: (586) 200-6404
F: (586) 445.2399
E: omaralawfirmpc@gmail.com